**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**December 19, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP384**

**STATE OF WISCONSIN**

Cir. Ct. No. **2010FA653**

**IN COURT OF APPEALS**
**DISTRICT IV**

IN RE THE MARRIAGE OF:

BRIAN TODD MICKELSON,

    PETITIONER-APPELLANT,

 V.

CYNTHIA LYNN MICKELSON,

    RESPONDENT-RESPONDENT.

       APPEAL from an order of the circuit court for Dane County: JILL KAROFSKY, Judge. *Affirmed.*

       Before Kloppenburg, Graham, and Nashold, JJ.

       **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Brian Mickelson appeals a circuit court order requiring him to continue making maintenance payments to Cynthia Mickelson. The issue is whether the court erroneously exercised its discretion by refusing to modify Brian's maintenance obligation based on Brian's retirement.[1]     We conclude that the court reasonably exercised its discretion. Accordingly, we affirm.

## BACKGROUND

¶2     The parties were married in 1983 and divorced in 2011. As part of the marital settlement agreement incorporated into the divorce judgment, Brian agreed to pay Cynthia maintenance in the amount of $1,050 per month for an indefinite term.

¶3     In July 2018, Brian moved to revise the divorce judgment as to maintenance. As grounds, Brian asserted that he would be retiring in November 2018 at age fifty-six, that his retirement would result in a significant reduction in his income, and that he suffered from medical conditions that would worsen if he continued to work in his present position. The motion was initially heard by a court commissioner who reduced Brian's maintenance obligation to $400 per month, terminating in February 2022.

¶4     The circuit court held a de novo hearing. Brian testified that his gross income prior to retirement from his position as a nursing supervisor at Mendota Mental Health Institute was approximately $7,900 per month. Brian's

---

[1] Because the parties have the same last name, for clarity we refer to them by their first names.

financial disclosure statement showed that, after retirement, his gross income would be reduced to $3,410 per month, and his expenses would be $3,500 per month. Brian testified that he intended to continue to work part-time doing nursing work to supplement his income but, as of the hearing date, he had not applied for any such work.

¶5      Cynthia's gross income, according to her financial disclosure statement, was $3,687 per month not including maintenance. She presented a budget showing monthly expenses of approximately $3,300 per month.

¶6      Both parties were fifty-six at the time of the de novo hearing. They each testified regarding their respective health conditions and financial circumstances. Additionally, Brian presented an expert witness who created income projections for the parties based on different retirement scenarios.

¶7      The circuit court made factual findings and determined that Brian's retirement at age fifty-six was not reasonable. The court reinstated the maintenance award of $1,050 per month for an indefinite term as set forth in the divorce judgment.

## DISCUSSION

¶8      An appellate court "will not disturb the circuit court's decision regarding maintenance unless the award represents an erroneous exercise of discretion." *Rohde-Giovanni v. Baumgart*, 2004 WI 27, ¶17, 269 Wis. 2d 598, 676 N.W.2d 452. "A circuit court engages in an erroneous exercise of discretion when it fails to consider relevant factors, bases its award on factual errors, makes an error of law, or grants an excessive or inadequate award." *Id.*, ¶18.

3

¶9    "To determine the amount of maintenance, the [circuit] court must apply the facts to the relevant statutory factors." *Schmitt v. Schmitt*, 2001 WI App 78, ¶9, 242 Wis. 2d 565, 626 N.W.2d 14.  The statutory factors "reflect and are designed to further two distinct but related objectives in the award of maintenance." *LaRocque v. LaRocque*, 139 Wis. 2d 23, 32-33, 406 N.W.2d 736 (1987).  The first objective is "to support the recipient spouse in accordance with the needs and earning capacities of the parties (the support objective)." *Id.* at 33. The second objective is "to ensure a fair and equitable financial arrangement between the parties in each individual case (the fairness objective)." *Id.*  The statutory factors are set forth in WIS. STAT. § 767.56(1c) (2017-18).[2]

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.  The factors set forth in WIS. STAT. § 767.56(1c) include:

(a)  The length of the marriage.

(b)  The age and physical and emotional health of the parties.

(c)  The division of property made under s. 767.61.

(d)  The educational level of each party at the time of marriage and at the time the action is commenced.

(e)  The earning capacity of the party seeking maintenance, including educational background, training, employment skills, work experience, length of absence from the job market, custodial responsibilities for children and the time and expense necessary to acquire sufficient education or training to enable the party to find appropriate employment.

(f)  The feasibility that the party seeking maintenance can become self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage, and, if so, the length of time necessary to achieve this goal.

(g)  The tax consequences to each party.

(continued)

4

¶10     Here, we are concerned more specifically with the revision of maintenance. "In order to modify a maintenance award, the party seeking modification must demonstrate that there has been a substantial change in circumstances warranting the proposed modification." *Rohde-Giovanni*, 269 Wis. 2d 598, ¶30. "When modifying maintenance awards, the circuit court must consider the same factors governing the original determination of maintenance." *Poindexter v. Poindexter*, 142 Wis. 2d 517, 531, 419 N.W.2d 223 (1988). "While the court is not obligated to consider all the factors enumerated in [the statute], it must consider those factors which are relevant to the case." *Id.* at 532.

¶11     The parties agree that Brian's retirement was a substantial change in circumstances. They disagree, however, on whether that change warranted a revision of the original maintenance award. For the reasons explained below, we agree with Cynthia that the circuit court reasonably exercised its discretion to conclude that Brian's retirement did not warrant a revision.

¶12     We begin by noting that Brian's motion focused on his retirement and his asserted medical reasons for retiring. Thus, the circuit court reasonably focused on those subjects as well. *See Rohde-Giovanni*, 269 Wis. 2d 598, ¶30

(h)  Any mutual agreement made by the parties before or during the marriage, according to the terms of which one party has made financial or service contributions to the other with the expectation of reciprocation or other compensation in the future, if the repayment has not been made, or any mutual agreement made by the parties before or during the marriage concerning any arrangement for the financial support of the parties.

(i)  The contribution by one party to the education, training or increased earning power of the other.

(j)  Such other factors as the court may in each individual case determine to be relevant.

("[T]he focus should be on any financial changes the parties have experienced."). Further, if Brian's decision to retire was "voluntary and unreasonable under the circumstances," then the court was entitled to consider Brian's earning capacity rather than his actual retirement income in determining the proper maintenance. *See Scheuer v. Scheuer*, 2006 WI App 38, ¶¶8-9, 290 Wis. 2d 250, 711 N.W.2d 698 (quoted source omitted). We "give weight" to the circuit court's determination that a retirement decision was not reasonable. *See id.*, ¶9.

¶13    The circuit court's determination that it was not reasonable for Brian to retire at age fifty-six was based on a number of factual findings. The court found that, although Brian testified that he chose to retire because of stress and various health issues, he offered "no medical testimony other than what [he] says his physical ailments are." The court further found that Brian provided no evidence from any "professional" indicating that his health issues prevented him from continuing to work in his position as a nursing supervisor at Mendota. The court acknowledged that Brian's job was stressful, but found that "there's nothing to indicate that he's not able to continue to perform in that job." The court reasoned that Brian failed to "connect[] the dots between his physical health and the job he has."

¶14    Additionally, the circuit court found that, during the marriage, Cynthia worked a lower-paying job and put Brian through school for the family's benefit. The court noted that the parties had been married for twenty-seven years, and the court found that it would unfairly penalize Cynthia if she received less income because Brian wanted to retire at age fifty-six. The court found that Brian's earning capacity was much greater than Cynthia's. Finally, the court

found that Brian's retirement was earlier than would be customary for State of Wisconsin employees or for individuals intending to benefit from Social Security.[3]

¶15　Brian argues that there is no evidence to support the circuit court's finding as to customary retirement age. Regardless of whether that is true, we conclude that the court's other factual findings sufficiently support the court's determination that Brian's retirement was unreasonable under the circumstances. We are persuaded in particular by the court's findings as to the lack of evidence that Brian's health issues prevented him from continuing to work in his position at Mendota. As noted, Brian had the burden of proof. *See **Rohde-Giovanni***, 269 Wis. 2d 598, ¶30.

¶16　We further conclude that, with or without the finding as to customary retirement age, the circuit court reasonably concluded that maintenance should continue at $1,050 per month. Given the court's other findings and the court's determination that Brian's retirement was not reasonable, it was not an erroneous exercise of discretion for the court to base maintenance on Brian's earning capacity and to continue maintenance as set forth in the divorce judgment. Brian did not assert any other substantial change in circumstances since the time of the divorce, and the court's decision was consistent with both the support and fairness objectives. With Brian's earning capacity imputed to him as gross income, the court's determination in effect provided both parties with more than

---

[3] The circuit court stated that Brian could move to revise maintenance in the future based on a later retirement date or other new information.

sufficient income to meet their monthly expenses, while still leaving Brian with greater gross monthly income than Cynthia.[4]

¶17    Brian argues that the circuit court ignored his expert's testimony, failed to consider the relevant statutory factors, inappropriately limited its analysis to the circumstances at the time of the divorce, and failed to consider the fairness objective.  We are not persuaded.  Boiled down, these arguments reflect Brian's dissatisfaction with the court's determinations as to the weight and credibility of the evidence and the court's balancing of relevant factors.  Brian's arguments do not show an erroneous exercise of discretion.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] Subtracting the $1,050 maintenance payment from Brian's monthly earning capacity of $7,900 yields $6,850.  Adding the $1,050 payment to Cynthia's gross monthly non-maintenance income of $3,687 yields $4,737.